| |
|---|
| **Kaushansky v McCulloch** |
| 2024 NY Slip Op 31527(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 155721/2019 |
| Judge: Eric Schumacher |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. ERIC SCHUMACHER**

*Justice*

-----------------------------------------------------------------------X

MICHAEL KAUSHANSKY,

Plaintiff,

- v -

ERIN MCCULLOCH et ano.,

Defendants.

-----------------------------------------------------------------------X

| | |
|---|---|
| PART | 23M |
| INDEX NO. | 155721/2019 |
| MOTION DATE | 04/30/2024 |
| MOTION SEQ. NO. | 004 |

**DECISION + ORDER ON MOTION**

**NYSCEF doc nos. 110-140 and 143-161 were read on this motion to compel.**

Motion by plaintiff pursuant to CPLR 3124 and 22 NYCRR § 130-1.1 to compel, etc. denied.

### BACKGROUND

Plaintiff commenced this action on June 10, 2019, by filing the summons and complaint (see NYSCEF doc no. 1). As is relevant here, plaintiff alleges that, on March 13, 2019, while at a facility owned and operated by defendant Equinox Holdings, Inc. (hereinafter Equinox), defendant Erin McCulloch dropped a weighted bar on plaintiff, causing him injury (see id. ¶¶ 5, 23-24).

The prior motion court had been actively conferencing this case since December 6, 2019. As is relevant here, on July 14, 2021, the prior motion court issued a conference order directing that an IME with Dr. Erlanger, defendants' neuropsychologist, was scheduled for July 23, 2021 (see NYSCEF doc no. 58).

On September 23, 2021, the last status conference before plaintiff filed the note of issue, the prior motion court issued a conference order stating that "[a]bsent good cause shown, any discovery issues not raised herein will be deemed waived" (id. at 2).

On October 20, 2021, plaintiff filed the note of issue and the certificate of readiness for trial (see NYSCEF doc no. 64). As is relevant here, the certificate of readiness for trial states that "[t]here are no outstanding requests for discovery", that "[d]iscovery proceedings now know to be necessary [are] completed", and that "[t]he case is ready for trial" (id. at 2).

On June 29, 2023, Equinox moved pursuant to CPLR 3124 and 22 NYCRR § 202.21(d) for an order compelling a post-note deposition and IME of plaintiff, which this court granted (see NYSCEF doc no. 107). In this court's September 5, 2023 decision and order, the court directed the parties to appear for a post-note discovery conference on December 6, 2023 (see id.).

155721/2019   KAUSHANSKY v MCCULLOCH et ano.
Motion No. 004

Page 1 of 4

On November 27, 2023, plaintiff filed this motion pursuant to CPLR 3124 for an order compelling defendants to produce the raw data generated during a neuropsychological assessment of plaintiff performed by Dr. David Erlanger on July 23, 2021, and the test manuals and scoring protocols used by Dr. Erlanger in his assessment, else defendants be precluded from presenting the testimony of Dr. Erlanger at trial, and pursuant to 22 NYCRR § 130-1.1 for an order awarding sanctions against defendants (see NYSCEF doc no. 110). Plaintiff annexes to its moving papers formal demands for defendants to produce and exchange the raw data generated during Dr. Erlanger's assessment dated October 10, 2023 (see NYSCEF doc nos. 115-118).

All parties appeared at the December 6, 2023 post-note conference, and the court issued a conference order with directives as to certain outstanding discovery (see NYSCEF doc no. 142). The parties wrote on that conference order that "[d]iscovery complete except pending motion re: Dr. Erlanger's raw data" (id. at 1).

## DISCUSSION

Preliminarily, the court notes that plaintiff seeks post-note discovery. Pursuant to 22 NYCRR § 202.21(d), a party must demonstrate unusual or unanticipated circumstances in order to be entitled to post-note discovery (see IO Experience Design LLC v C & A Mktg. Inc., 220 AD3d 444, 445 [1st Dept 2023]). Specifically, a party must show that unusual or anticipated circumstances developed after the note of issue was filed (see Diamond v WWP Off., LLC, 202 AD3d 503 [1st Dept 2022] [finding that the defendants were not entitled to post-note discovery concerning the back injury the plaintiff sustained as the defendants were aware of the injury for three years prior to the filing of the note of issue]). "A lack of diligence in seeking discovery does not constitute unusual or unanticipated circumstances warranting post-note of issue discovery" (Partow v Van Owners Purch. Bur., Inc., 213 AD3d 578, 578 [1st Dept 2023]; see also Shulman v ZFX, Inc., 184 AD3d 546, 546 [1st Dept 2020] [finding that the motion court providently exercised its discretion in denying the defendant's motion to compel the plaintiff to submit to IMEs where the defendant brought the motion more than 14 months after the filing of the note of issue, "without offering any excuse for its inaction or alleging unusual or unanticipated circumstances that would warrant the relief requested"]).

Here, the court finds that plaintiff has failed to demonstrate unusual or unanticipated circumstances warranting post-note discovery. Plaintiff filed the note of issue and certificate of readiness on October 20, 2021, certifying that discovery was complete. It is undisputed that defendants served expert exchanges for Dr. Erlanger on August 11, 2021, which included Dr. Erlanger's report. It is further undisputed that, on October 10, 2023, approximately two years after the filing of the note of issue, plaintiff sent the first formal request for defendants to produce and exchange the subject discovery. Plaintiff fails in the papers submitted to address the lateness of this demand. Critically, plaintiff does not allege unusual or unanticipated circumstances in the moving papers, nor does plaintiff address the issue at all in the reply papers, even though Equinox raised the argument in its opposition papers.

Argued or not, it was for plaintiff to have requested the discovery concerning the report, exchanged over two months prior to the filing of the note of issue, timely before filing it, but this was not done. Moreover, the cases plaintiff cites in support of the application are inapposite as

155721/2019  KAUSHANSKY v MCCULLOCH et ano.
Motion No. 004
Page 2 of 4

2 of 4

[* 2]

all are either pre-note or made no finding as to whether unusual or unanticipated circumstances were present. As such, the court finds that plaintiff is not entitled to the post-note discovery requested.

In contrast, in motion seq. no. 003 this court granted Equinox's motion pursuant to CPLR 3124 and 22 NYCRR § 202.21(d) for an order compelling post-note discovery, specifically the further deposition and IME of plaintiff. The court found that Equinox had established that unanticipated and unusual circumstances had arisen after the filing of the note of issue relating to plaintiff's alleged future medical costs and the extent of plaintiff's alleged disability and ability to work. Here, it is undisputed that the circumstances today are the same as they were on August 11, 2021. The only difference now is that plaintiff has made a belated discovery demand over two years late and defendants have properly rejected the demand as untimely. The mere fact that Equinox was entitled to post-note discovery does not entitle plaintiff to certain other unrelated post-note discovery.

As to the branch of the motion by plaintiff pursuant to 22 NYCRR § 130-1.1 for sanctions against defendants, that is denied. It is plaintiff's application not defendants' rejection of the untimely post-note discovery demand that is without merit.

THIS SPACE IS LEFT INTENTIONALLY BLANK

155721/2019  KAUSHANSKY v MCCULLOCH et ano.                          Page 3 of 4
Motion No. 004

## CONCLUSION

Accordingly, it is

ORDERED that the motion by plaintiff pursuant to CPLR 3124 and 22 NYCRR § 130-1.1 to compel, etc. is denied; and it is further

ORDERED that all discovery is complete; and it is further

ORDERED that, within five days of entry, defendants shall serve a copy of this order with notice of entry on plaintiff.

The foregoing constitutes the decision and order of the court.

| 4/30/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | ERIC SCHUMACHER, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | | GRANTED | X DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**155721/2019  KAUSHANSKY v MCCULLOCH et ano.**                                    **Page 4 of 4**
**Motion No. 004**